**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-8027**

_____

UNITED STATES OF AMERICA,

                 Plaintiff – Appellee,

    v.

RICKY LEE COPELAND,

                 Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge. (3:10-cr-00035-REP-1)

_____

Submitted: January 17, 2013      Decided: January 23, 2013

_____

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Ricky Lee Copeland, Appellant Pro Se. Peter Sinclair Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky Lee Copeland appeals the district court's order denying Copeland's 18 U.S.C. § 3582(c)(2) (2006) motion for a sentence reduction. On appeal, Copeland argues that, under the Supreme Court's decision in Dorsey v. United States, 132 S. Ct. 2321 (2012), the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, should apply to all defendants seeking sentence reductions pursuant to 18 U.S.C. § 3582(c)(2) based on the crack cocaine Guidelines amendments. Contrary to Copeland's assertion, however, Dorsey did not alter this court's prior holding that the FSA does not apply retroactively to defendants sentenced prior to its effective date.[*] See United States v. Bullard, 645 F.3d 237, 248 (4th Cir.), cert. denied, 132 S. Ct. 356 (2011). Because Copeland was sentenced prior to the FSA's effective date, Dorsey had no effect on Copeland's mandatory minimum sentence, and the district court properly concluded that he was not entitled to a sentence reduction on this basis. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and

---

[*] Moreover, to the extent Copeland asks us to reconsider this prior holding, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court." United States v. Rivers, 595 F.3d 558, 564 n.3 (4th Cir. 2010) (internal quotation marks and alterations omitted).

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED